UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EZRA TESSEMA,

       Plaintiff,

v.                                                                      Case No. 8:16-cv-359-T-33MAP

UNITED STATES DEPARTMENT OF
THE NAVY, *et al*,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 2) on his petition for writ of habeas corpus under 22 U.S.C. § 2241 (doc. 1). Plaintiff alleges that the Veteran's Mental Health Administration misdiagnosed him as having schizophrenia (*id.* at 1-2) and is constantly sending high voltage electric shocks through his body (*id.* at 11, 13). Plaintiff, who served in the miliary, also claims that he is barred from joining the military and is "blacklisted" as a veteran because of his birthplace in Cuba (*id.* at 10). After consideration, I find Plaintiff does not have an action under 28 U.S.C. § 2241 and recommend Plaintiff's motion to proceed *in forma pauperis* and his petition for writ of habeas corpus be denied.

A district court must dismiss an *in forma pauperis* complaint at any time if it determines the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A complaint is "frivolous if it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Plaintiff has filed a petition for writ of habeas corpus under 22 U.S.C. § 2241. The statute "is the statutory grant of authority to federal courts to issue the writ when certain jurisdictional prerequisites are satisfied." *Arnaiz v. Warden, Fed. Satellite Low*, 594 F.3d 1326, 1328 (11th Cir. 2010). One of those prerequisites is that the plaintiff is in "custody." *See* 28 U.S.C. § 2241(c); *see also Gupta v. U.S. Atty. Gen.*, 485 Fed. Appx. 386, 387 (11th Cir. 2012). Although the custody requirement in habeas actions is most commonly satisfied by a petitioner's imprisonment, it may also be satisfied in similar circumstances, such as "confinement under civil and criminal process, . . . wives restrained by husbands, children withheld from the proper parent or guardian, persons held under arbitrary custody by private individuals, as in a mad-house, as well as those under military control." *Wales v. Whitney*, 114 U.S. 564, 571 (1885); *see also Jones v. Cunningham*, 371 U.S. 236 (1963). The test for whether the custody requirement is satisfied is whether there is a "significant restraint on the petitioner's liberty." *Patel v. U.S. Atty. Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003) (citing *United States v. Brown*, 117 F.3d 471, 475 (11th Cir.1997)).

Here, Plaintiff has failed to show that he is in custody. He is not in any traditional form of custody such as imprisonment, nor are his movements or liberties significantly restrained. Rather, Plaintiff has moved throughout the United States (doc. 1 at 10-14). Moreover, he is not confined to a particular facility, but lives in an apartment building and goes to public areas such as libraries and institutional campuses (*id.* at 10-11). Accordingly, Plaintiff has not – and cannot – state a claim under 22 U.S.C. § 2241.

For these reasons, it is RECOMMENDED:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 2) be DENIED.

2. Plaintiff's Petition for a Writ for Habeas Corpus (doc. 1) be DENIED.

IT IS SO REPORTED in Tampa, Florida on February 25, 2016.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.